*140 JUSTICE STEPHENSON,
with whom CHIEF JUSTICE CARRICO and RETIRED JUSTICE COCHRAN join, dissenting.
I respectfully dissent. I think, based upon our holdings in Lynch v. Commonwealth Transportation Comm’r, 247 Va. 388, 442 S.E.2d 388 (1994), Appalachian Power Co. v. Anderson, 212 Va. 705, 187 S.E.2d 148 (1972), and Appalachian Elec., Etc., Co. v. Gorman, 191 Va. 344, 61 S.E.2d 33 (1950), the trial court erred in excluding the proffered evidence. I do not think this evidence, taken as a whole, was speculative. Instead, the proffered evidence, consisting of both oral testimony and physical exhibits, presented “a real and present potential use in the light of existing conditions and circumstances,” demonstrated “the adaptability and suitability of the property for its highest and best use,” and illustrated “the impact of the taking on the remaining property.” Lynch, 247 Va. at 393, 442 S.E.2d at 391.
I also think that the majority, in deciding the case, has relied upon objections raised for the first time on appeal. The sole objection at trial, and the basis for the trial court’s ruling, was that the evidence was speculative because there was no recorded subdivision plat or plan. On appeal, however, the Commissioner has abandoned that ground and raises numerous objections to the proffered evidence, none of which were raised at trial. Clearly, this violates our rule that objections will not be considered on appeal unless they are “stated with reasonable certainty at the time of the ruling.” Rule 5:25.
Accordingly, I would reverse the trial court’s judgment and remand the case for a new trial.